**The document below is signed.**

**The document corrects the prior Memorandum Decision and Order by changing:**

"Moreover, to the extent that the Motion seeks such relief based on the alleged res judicata a non-existent default judgment, it is without merit."

to:

"Moreover, to the extent that the Motion seeks such relief based on the alleged res judicata effect of a non-existent default judgment, it is without merit."

**Dated: January 5, 2020.**

*[Signature]*

**S. Martin Teel, Jr.**
**U. S. Bankruptcy Judge**

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
HARRIET WHITNEY HOME FOR        )   Case No. 19-00745
SENIOR CITIZENS,                )   (Chapter 7)
                                )   Not for publication in
                 Debtor.        )   West's Bankruptcy Reporter.
```

AMENDED MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS

The *Motion to Dismiss and Lift Stay* (Dkt. No. 12) filed by creditor Somerville Terrence will be denied without awaiting a response from the debtor. The memorandum in support of the *Motion* is missing several pages, but those missing pages would not alter the outcome.

The *Motion* seeks dismissal of this case based on the res judicata effect of what Terrence calls a default judgment entered by the Superior Court of the District of Columbia. However, although the debtor is in default in the Superior Court, the Superior Court has not entered a default judgment or any other judgment against the debtor. Accordingly, res judicata cannot apply. Terrence points to an allegation in the Superior Court that the debtor is no longer a viable business because it no

longer has at least three board members to conduct business. The *Motion*, relying solely on treating an entry of default (not a default judgment) as having res judicata effect, does not address whether the debtor still is no longer a viable entity. In other words, even if there were a default judgment, the *Motion* does not show that res judicata would require a ruling that the debtor is not presently a viable entity entitled to file a bankruptcy case.

The *Motion* also seeks an order that "LIFTS THE AUTOMATIC STAY on proceedings involving the Harriet Whitney Home for Senior Citizens, Inc." However, no fee has been paid for filing a motion for relief from the automatic stay. Moreover, to the extent that the *Motion* seeks such relief based on the alleged res judicata effect of a non-existent default judgment, it is without merit. To the extent that the *Motion* seeks to allow the action in the Superior Court to proceed against co-defendants of the debtor, the automatic stay does not apply to suing the debtor's co-defendants for relief against them, and the *Motion* does not contend that the co-defendants are sued to obtain relief against the debtor by suing the co-defendants in a representative capacity on behalf of the debtor.

For all of these reasons, it is

ORDERED that the *Motion to Dismiss and Lift Stay* is DENIED without prejudice to seeking dismissal on meritorious grounds and to filing a motion for relief from the automatic stay with the

required filing fee and stating meritorious grounds for relief from the automatic stay.

[Signed and dated above.]

Copies to: E-recipients.